COURT
OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-162-CR
 
JAMES THOMAS WRIGHT, JR.
                                                    APPELLANT
V.
THE STATE OF TEXAS                                                                 
STATE
------------
FROM THE CRIMINAL DISTRICT
COURT NO. 1 OF TARRANT COUNTY
------------
MEMORANDUM
OPINION(1)
------------
I. Introduction
A jury convicted appellant James Thomas Wright, Jr. of two counts of
aggravated sexual assault with a deadly weapon and one count of possession of a
firearm by a felon. The jury assessed Wright's punishment at forty-five years'
confinement for each of the aggravated sexual assault offenses and ten years'
confinement for the firearm offense. In a single point, Wright complains that
the evidence is legally insufficient to support his convictions for the two
counts of aggravated sexual assault.(2) The State
asserts that the evidence is amply sufficient to support Wright's convictions.
We affirm.
II. Background Facts
On May 8, 2001, Vicki Jackson was walking down the street when a man
and woman drove up to her in a Jaguar. The woman, whom Jackson knew by the name
"Classy," asked Jackson if she would like to go get a beer. Jackson
did not know the man driving the Jaguar, but she agreed and got into the back
seat of the car. The group drove to a club known as the Matchbox, and Classy got
out of the Jaguar to get beer. When Classy had not returned to the car after
several minutes, the man in the driver's seat became agitated, began fumbling
under his seat, and pulled out a gun. The man pointed the gun at Jackson's head
and pulled her over the seat into the front of the car. The man accused Jackson
and Classy of "setting him up" and told Jackson, "You gonna pay
for this."
The man drove Jackson to Katy Street and stopped the car. He pointed
the gun at Jackson's head and forced her to perform oral sex on him in the front
seat of the Jaguar. Jackson testified that during the ordeal several witnesses
passed by, but the man pointed his gun at them and told them to go the other
way. After Jackson performed oral sex on the man, he pulled her out of the car
and made her pull her clothes down and bend forward against the side of the
Jaguar. While holding the gun to Jackson's head, the man penetrated Jackson's
sexual organ with his own. Jackson testified that she did not consent to have
sex with the man. The assault outside the Jaguar continued for about ten minutes
while Jackson begged the man to stop and called out for help from witnesses.
Finally, a woman named Trevia Coleman came down the street calling out
loudly, "Pookie Ray." The man looked up at the woman calling out to
him, stopped assaulting Jackson, ran around the car pulling up his pants, and
drove away. Coleman and a second witness stayed with Jackson in the street until
the police arrived.
Officer Leary arrived at the scene and was told that the assailant was
a black male with a shaved head driving a maroon Jaguar. Jackson informed
Officer Leary that her assailant had tattoos on his arms of a rose and the
nickname "Pookie." Coleman added that the man had something written on
his upper back, but said she could not be sure what the writing said. Coleman
also gave Officer Leary the true name of Jackson's assailant, James Thomas
Wright.
Officer Leary searched the surrounding area and discovered Wright
outside of Louise Craven's house about a quarter of a mile from the scene,
standing next to his maroon Jaguar. Tattoos on Wright's body matched those
described by Jackson, and a tattoo on his upper back read, "Mr.
Wright." Officer Leary placed Wright under arrest. A gun holster was found
inside Wright's vehicle, and a gun matching the weapon described by Jackson was
found hidden under a couch cushion inside Craven's house.
III. Legal Sufficiency of the Evidence
In challenging the legal sufficiency of the evidence to support his
aggravated sexual assault convictions, Wright contends that "[t]he facts in
this case arguably point to a situation where [Wright] found himself in a
situation that developed into a quasi[-]consensual sexual encounter that did not
meet the threshold of a criminal act or acts."
In reviewing the legal sufficiency of the evidence to support a
conviction, we view all the evidence in the light most favorable to the verdict.
Cardenas v. State, 30 S.W.3d 384, 389-90 (Tex. Crim. App.
2000); Narvaiz v. State, 840 S.W.2d 415, 423 (Tex. Crim.
App. 1992), cert. denied, 507 U.S. 975 (1993). The
critical inquiry is whether, after so viewing the evidence, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt. McDuff v. State, 939 S.W.2d 607, 614 (Tex. Crim.
App.), cert. denied, 522 U.S. 844 (1997). This standard
gives full play to the responsibility of the trier of fact to resolve conflicts
in the testimony, to weigh the evidence, and to draw reasonable inferences from
basic facts to ultimate facts. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979).
We have examined the record and conclude that ample evidence exists
from which a jury could reasonably conclude that Wright was guilty of aggravated
sexual assault as charged. Viewing all of the evidence in the light most
favorable to the verdict, we hold that the evidence is legally sufficient to
support Wright's convictions. We overrule Wright's sole point.
IV. Conclusion
Having overruled Wright's sole point, we affirm the trial court's
judgment.
 
                                                           PER
CURIAM
 
PANEL F: WALKER, DAUPHINOT, and HOLMAN, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 15, 2003

1. See Tex. R. App. P. 47.4.
2. Wright does not challenge the sufficiency of the
evidence to support his conviction for possession of a firearm by a felon.